IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY RANDALL SHOULDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case Number CIV-06-890-C |
| ) | |
| WALTER DINWIDDIE, Warden, ) | |
| ) | |
| Respondent. ) | |

## **O R D E R**

This action for habeas corpus relief brought by a prisoner proceeding pro se, was referred to United States Magistrate Judge Gary M. Purcell, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Purcell entered a Report and Recommendation on August 31, 2006, to which Petitioner has timely objected. The Court therefore considers the matter de novo.

Petitioner seeks habeas relief from his conviction for first degree murder. Petitioner was charged in the District Court of Cleveland County, Oklahoma. After questions arose regarding Petitioner's competency, a jury trial was held to determine competency. The jury determined Petitioner was competent. However, on appeal the Oklahoma Court of Criminal Appeals determined the jury had applied an incorrect burden of proof and remanded the matter for a determination of the feasability of conducting a retrospective post-examination competency hearing and if such a hearing was found feasible to conduct the hearing using the appropriate standard. According to Petitioner, at the time of the mandated hearing, his counsel stipulated to his competency and entered a guilty plea on his behalf. Petitioner filed

the present action alleging he was not competent to plead guilty and in fact has never been competent and that his counsel was ineffective in entering the stipulation and plea.

Judge Purcell reviewed the Petition and pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, dismissed it as untimely. According to Judge Purcell, Petitioner failed to timely pursue his 28 U.S.C. § 2254 claim as it was not filed prior to expiration of the one-year limitations period of 28 U.S.C. § 2244(d)(1). Judge Purcell further determined that Petitioner was not entitled to equitable tolling of the limitations period. According to Judge Purcell, Petitioner's stipulation of competency is presumed to be truthful and therefore overrode any subsequent assertions of incompetency.

"Rule 4 requires a district court to dismiss a habeas petition '[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" Boutwell v. Keating, 399 F.3d 1203, 1211 (10th Cir. 2005) (quoting Rules Governing Section 2254 Cases, Rule 4). Because the Court finds that Petitioner has offered assertions in his Objection which if proven would entitle him to tolling of the limitations period, the Court declines to adopt Judge Purcell's Report and Recommendation. In the Petition, Petitioner asserted that he never stipulated to his competency but that only his counsel did so. Further, Petitioner asserts that the medical evidence established that he would never regain competency and therefore the stipulation to the contrary was improper. Finally, Petitioner asserts that his counsel made the stipulation without his approval because he was incapable of knowingly and intelligently waiving his rights. Thus, Petitioner has raised allegations which if proven would entitle him to relief. As to the expiration of the

limitation period, as Judge Purcell noted, incompetency may toll the expiration of the limitations period.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (recognizing that incompetency may be grounds for equitable tolling).  Thus, if it is established that due to his incompetency Petitioner was unable to timely pursue his habeas action, he may well be entitled to equitable tolling and therefore his Petition may be found timely.  In short, it cannot be said that it plainly appears from the face of the Petition that Petitioner is not entitled to relief.  Accordingly, the Court declines to adopt Judge Purcell's recommendation.

For the reasons set forth herein, the Court DECLINES to adopt the August 31, 2006, Report and Recommendation.  Accordingly, this matter is recommitted to the Magistrate Judge for further proceedings consistent with the issues outlined herein and the original Order of Referral (Dkt. No. 4).

IT IS SO ORDERED this 26th day of September, 2006.

ROBIN J. CAUTHRON
United States District Judge