IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JIMMY RANDALL SHOULDERS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | No. CIV-06-890-C |
| | ) | |
| WALTER DINWIDDIE, Warden, | ) | |
| | ) | |
| Respondent | ) | |

ORDER OF DISMISSAL WITH PREJUDICE

This action for habeas corpus relief brought by a state prisoner, proceeding pro se, was referred to United States Magistrate Judge Gary M. Purcell, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B).   Judge Purcell entered a Supplemental Report and Recommendation on December 18, 2006, to which Petitioner has timely objected.  The Court therefore considers the matter de novo.

The relevant facts and applicable law are clearly and correctly set out in Judge Purcell's Report and Recommendation and need not be repeated here.  In his Report and Recommendation, Judge Purcell recommended dismissal of the Petition as untimely.  In objection, Petitioner raises two objections:  that Judge Purcell's conclusion that Petitioner was competent at the time of his plea is not supported by the facts, and that, under principles of equitable tolling, his Petition should be considered timely.  The first objection is moot unless equitable tolling revives his right to assert it.  Petitioner himself does not deny that the

evidence provided by Respondent indicates that he was competent between February 19, 1999, and June 30, 2000, the time period during which any federal habeas claim would have been timely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[*]. Instead, Petitioner asserts that his failure to file during this period was due to "coercion by prison staff." (Pet'r's Obj. at 6, Dkt. No. 23.)  It does not appear that this precise claim was presented prior to the filing of his objection; nevertheless, the evidence Petitioner cites does not support the claim.   The affidavit of his case manager, attached as Exhibit 14 to Respondent's Supplemental Response (Dkt. No. 16), merely indicates that in response to Petitioner's argument that he was incompetent, she instructed him to contact his attorney. Exhibit 3 to the same pleading indicates on page 9 that the case manager advised an unnamed inmate that he could help Petitioner write letters to his family but would have to have approval to write letters to Petitioner's attorney.  The next page indicates that on October 5:

> [Petitioner] stated he wanted to see a law clerk.  Law clerks told me to see Phil Gilstrap.  [Petitioner] has no further gains with a post-conviction & has been warned on several occasions to drop the issue.  Gilstrap stated [Petitioner] will be moved to OSP & he will initiate the paperwork.

On December 20, the notes indicate Petitioner had told a case manager he was supposed to go to court for post-conviction and the case manager stated "this issue was 'dead' & he would not be going to court."  First, it appears that all of these communications were in late 2000, *after* the statutory limitations period had expired.  Second, it appears both statements were correct, as no post-conviction was pending during this time.  In short, Petitioner wholly

---

[*] 28 U.S.C. § 2244(d)(1)

fails to support his claim that he was "coerced" or in any way prevented by either DOC staff or inmate law clerks from pursuing his remedies within the prescribed time.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge (Dkt. No. 20), and for the reasons announced therein, the Petition for habeas corpus relief is dismissed, as untimely.  As no amendment can cure the defect, this dismissal acts as an adjudication on the merits, and a judgment will enter.

IT IS SO ORDERED this 26th day of January, 2007.

ROBIN J. CAUTHRON
United States District Judge